Defendant-appellant Jacque D. Ballard appeals his conviction and sentence on one count aggravated burglary entered by the Stark County Court of Common Pleas following a jury's verdict of guilty. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE FACTS
On April 28, 1998, at approximately 11:30 p.m., a masked individual broke a basement window and entered the home of Denise McCleod at 2449 14th Street NE, Canton, Ohio. Ms. McCleod and her daughter, Nicole, and her son, Sam, were asleep in their respective bedrooms at the time.
The intruder entered Ms. McCleod's bedroom wielding a butcher knife which he put to Ms. McCleod's neck. Ms. McCleod awoke and attempted to call out. The intruder instructed her to be quiet and not to move. However, Ms. McCleod made continuous attempts to yell and the intruder placed his hand over her mouth a couple of times. Again, the intruder instructed her to be quiet.
When the intruder moved one of his hands as if he was going to unfasten his pants, Ms. McCleod grabbed the knife. A struggle ensued. Ms. McCleod screamed for the intruder to let go of the knife. The intruder continued to talk. Ms. McCleod received a small cut on her hand during the struggle.
Ms. McCleod claims to have recognized the intruder's voice and screamed, "Jacque, I know it's you." The intruder let go of the knife, grabbed Ms. McCleod's purse from her desk, and ran out the bedroom and down the basement stairs. Thereafter, Ms. McCleod called 911.
Nicole McCleod was awakened by her mother's screaming. Nicole came downstairs to her mother's bedroom and saw a man struggling with her mother. Nicole testified she recognized the intruder as appellant when she saw him running. Nicole had seen appellant running on numerous occasions and stated the intruder ran similarly to appellant.
Upon the arrival of the police, Ms. McCleod described the intruder as a black man wearing black sweat pants, a white sweatshirt, and a mask over his face. Nicole described the intruder as wearing black or gray sweat pants and a black or gray sweatshirt, but could not tell whether or not the intruder had a mask covering his face.
The police recovered a pair of gloves on the floor of Ms. McCleod's bedroom which Ms. McCleod testified did not belong to her. In addition, the police recovered the knife used in the assault.
Appellant lived two houses away from the McCleod house. The police approached appellant's home the same night as the incident. They found appellant's home was dark and did not check to see whether anyone was inside the residence.
Ms. McCleod's purse was found the next day in a dumpster of a church located approximately two blocks from the victim's home. Fingerprint analysis were performed on the window pane and on the knife recovered at the scene. No fingerprints of value were recovered from the window pane. A partial palm print was found on the knife blade. Comparison of the print to appellant's palm print excluded appellant.
Appellant had known Ms. McCleod and her family for many years. Appellant had been to the McCleod home on numerous occasions to play basketball with Sam and had been at the house with Sam earlier the day of the incident. Appellant continued to reside two houses away until his arrest on July 27, 1998.
During trial, Ms. McCleod testified she knew the intruder was appellant even though he was wearing a mask. Ms. McCleod's identification was based upon the color of the intruder's skin which she observed when he put his hand over her mouth, the closeness of their contact, the intruder's build, and, most importantly, her recognition of his voice. Ms. McCleod recognized appellant's voice because she has known him all of her life.
Appellant did not testify at trial.
Appellant assigns as error:
 THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTIONS.
Appellant's assignment of error raises insufficiency and manifest weight of the evidence claims.
In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 Jenks, supra, at paragraph two of the syllabus.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v.Thompkins (1997), 78 Ohio St.3d 380, 387 citing State v. Martin
(1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
Appellant's argument herein attacks the sufficiency of the evidence as it pertains to the identification of appellant as the intruder. Appellant points out ". . . little if any investigation was conducted by the police subsequent to the night of the break-in . . . the police did not investigate [appellant's] home that night. The police did not speak to Nicole McCleod at any point during the investigation." (Appellant's Brief at 5, Tr. citations omitted). Appellant further notes appellee did not choose to compare the palm print found on the knife to either Ms. McCleod or Detective Haft. If a comparison revealed the palm print matched either the victim or the officer, appellant contends a strong probability exists he has been wrongfully convicted. We refuse to draw such a conclusion based upon a speculation about what a palm print comparison might have shown. Likewise, we will not speculate on what further police investigation may or may not have discovered, let alone presume it would have been exculpatory in nature.
Appellant summarizes, ". . . no corroborating evidence exists in this case." (Appellant's Brief at 7). We disagree. We find Ms. McCleod's testimony relative to the basis of her identification of appellant as the intruder together with Nicole's testimony as discussed supra, provide sufficient competent, credible evidence to support the jury's verdict. Accordingly, we overrule appellant's sole assignment of error.
The judgment of the Stark County of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Edwards, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
---------------------------
---------------------------
 --------------------------- JUDGES